JOSEPHINE JOHNSON

*v.*

STATE OF ILLINOIS.

*Opinion filed November 30, 1912.*

1. RESPONDEAT SUPERIOR—*rule of does not apply to State.* The rule of *respondeat superior* is inapplicable to the State, and the State is not liable for the negligence of its officers and agents.

2. COURT OF CLAIMS—*not a bureau of charities.* The Court of Claims is not a bureau of charities, but a Court, and must determine all claims in accordance with legal principles.

3. JURISDICTION—*Act creating Court did not increase liability of State.* The law creating the Court of Claims did not undertake to create new liabilities against the State, but merely provided a means by which claims against the State could be heard.

G. A. Shallberg, for Claimant.
W. H. Stead, Attorney General, for State.

The claim in question was filed to the October Term, A. D. 1911. Claimant seeks to recover for an injury received while in the employ of the State as a nurse at the State Hospital for the Insane, at Watertown, the injury in question being the result of a blow upon the head struck by a patient under claimant's charge and care as such nurse, Clara Weaver, who was violently insane, having committed the assault.

The State of Illinois, by William H. Stead, Attorney General, filed a demurrer to the said claim. The said claimant filed her claim with the Auditor of Public Accounts on the first day of May, A. D. 1911, alleging that she had sustained damages to the amount of five thousand ($5,000.00) dollars.

It has been frequently held that the State is not liable for the negligence of its officers and agents. In *Oliver* v. *State,* I. C. C., page 218, this Court said: "The Commission of Claims is not a bureau of charities, but a Court, and under the law creating it must determine all claims in accordance with legal principles."

In *Tierney* v. *State,* 1 C. C., 279, on page 281, this Court expressed itself in the following language, to-wit: "* * * It is our understanding that in the use of the language, to determine the same according to the principles of equity and justice, is meant and used with a legal signification, and that this Commission has no power to make an award in any case, unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the legislature to leave it discretionary with the Commission to make an award in favor of the claimant, regardless of the question as to whether or not he had a legal claim against the State."

The law applicable to this case has heretofore been fully discussed. In the case of *Henke* v. *State,* it was decided by this Court, on September 29, 1906, that the State is not liable for the misfeasance, torts, wrongs, negligence or omissions in the duty of its officers or agents, for it does not undertake to guarantee to any person the fidelity of those it employs.

In *Schmidt* v. *State,* Court of Claims Reports 1, page 76, this Court held that the law creating it did not undertake to create new liabilities against the State, but simply provided a remedy by which claims might be heard and that this Court "has no power to make an award in any case unless the facts show a legal or equitable claim against the State." The demurrer filed in the said cause raised the question of a legal liability on the part of the State. The declaration and record in the above case does not disclose any cause of action against the State, and the claim is not well founded in law, and the demurrer is therefore sustained.